**Electronically Filed
Intermediate Court of Appeals
30158
31-MAR-2011
08:34 AM**

NO. 30158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOEL M.P. GIONSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(Criminal Case No. 1P309-0026)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Joel M. P. Gionson (Gionson) appeals the Notice of Entry of Judgment and/or Order filed on October 7, 2009 in the District Court of the First Circuit, 'Ewa Division (district court).[1]

Gionson was convicted of Harassment of Melissa Gomes (Gomes) in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (1993 & Supp. 2008)[2].

On appeal, Gionson contends that (1) the district court erroneously admitted bad act evidence because (a) she was not given prior notice of the circumstances and general nature of the evidence under Hawaii Rules of Evidence (HRE) Rule 404(b), (b) the evidence was not relevant to any material issue, and

---

[1]  The Honorable Philip Doi presided.

[2]  HRS § 711-1106(1)(a) (1993 & Supp. 2008) provides:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

(c) the evidence was more prejudicial than probative and (2) that insufficient evidence existed for the conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gionson's points of error as follows.

(1) Gionson objected to testimony by Amanda Edayan (Edayan) that, immediately after Gionson struck Gomes, Edayan stepped between Gionson and Gomes and Gionson slapped Edayan. Gionson objected on the basis that "there's nothing in this report that indicates anything to that effect. We've not given [sic] notice of any allegations of any physical contact between [Gionson] and [Edayan]."

On appeal, Gionson argues that she was entitled to advance notice under HRE 404(b).[3] However, based on this record, it is not clear that this was the basis of Gionson's objection. See HRE Rule 103(a)(1).[4] A review of the district court's ruling ("Well, overruled. Reports often don't have everything in them, and it's one of the reasons why reports aren't in evidence,

---

[3] HRE Rule 404(b) provides,

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

[4] HRE Rule 103(a)(1) provides,

> (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:
>
> > (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

testimony is.") indicates that it understood the objection to be one based on a lack of discovery and Gionson did not clarify or otherwise disabuse the court of that notion. Consequently, we could deem any objection based on HRE 404(b) waived. A. Bowman, *Hawaii Rules of Evidence Manual* 1-6 (2010-1011 ed.) ("An opponent who fails to object is held to have waived the appellate point. Waiver also occurs when an overruled trial objection is abandoned and a different argument for exclusion is presented on appeal."); see also State v. Matias, 57 Haw. 96, 101, 550 P.2d 900, 904 (1976) ("the making of an objection upon a specific ground is a waiver of all other objections") (citation and internal quotation marks omitted).

In any event, Edayan testified that she did not give a written statement nor mention to the police that Gionson had slapped her. Thus, there is nothing in the record that establishes the prosecution had prior knowledge of this testimony. More importantly, Gionson was present when the event allegedly occurred and was able to cross-examine Edayan regarding her failure to previously report Edayan's claim Gionson struck her. Gionson does not identify how she was prejudiced by the lack of prior notice. On this record, the district court would have been within its discretion to allow the testimony over an explicit HRE 404(b) lack-of-notice objection.

As to Gionson's substantive bad act evidence argument, because the record does not reflect any objection whatsoever on this basis, it is deemed waived. HRE Rule 103.

(2) In the instant case, without passing "upon issues dependent upon the credibility of witnesses and the weight of the evidence,"[5] "in the strongest light for the prosecution[,]" "[s]ubstantial evidence" existed "as to every material element of the offense charged" "to support the conclusion of the trier of

---

[5] Tachibana v. State, 79 Hawai'i 226, 239, 900 P.2d 1293, 1306 (1995).

fact."[6] Gomes testified that Gionson "followed us down from their apartment and continued to ask us why we were leaving" and was "yelling" and "balling her fists up and pacing back and forth." Gomes acknowledged that Gionson was yelling at her, but she did not yell back, and testified that "[Gionson] hit [Gomes] with a closed fist on [her] left cheek." Gomes testified that the punch hurt "[a] little bit at first" and confirmed that it was offensive. Gomes acknowledged that it made her more scared because she "didn't think she would stop." Gomes confirmed that she never gave Gionson permission to hit her. The district court "assessed the credibility of the various witnesses" and convicted Gionson of the offense. Thus, substantial evidence existed that Gionson struck Gomes, and it can be reasonably inferred from the circumstances that Gionson did so with the "intent to harass, annoy, or alarm" Gomes. HRS § 711-1106(1)(a); State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (circumstantial evidence and reasonable inferences from a defendant's conduct is sufficient to prove the requisite state of mind in criminal cases).

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order entered on October 7, 2009 in the District Court of the First Circuit, 'Ewa Division is affirmed.

DATED: Honolulu, Hawai'i, March 31, 2011.

On the briefs:

Jacquelyn T. Esser,
Deputy Public Defender
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[6] State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).